UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID LOUIS WHITEHEAD,

        PLAINTIFF,

V.                                      CASE No. 07-MC-00063

TWENIETH CENTURY FOX FILM, ET AL.,

        DEFENDANTS.

CONSOLIDATED MOTION FOR RECONSIDERATION FOR LEAVE TO FILED MOTION FOR PARTIAL SUMMARY JUDGMENT, RECONSIDERATION FOR LEAVE TO FILE AFFIDAVIT OF DAVID LOUIS WHITEHEAD, AND MOTION FOR RECONSIDERATION TO FILE MOTION FOR LEAVE TO ATTACH AFFIDAVIT AND FILM DVD'S "THE PASSION OF THE CHRIST' IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT...., PENDING THE COURT'S RULING ON PLAINTIFF'S PLEADINGS FILED BEFORE FEBRUARY 5, 2008, AND THE COURT'S RULING ON THE PLAINTIFF'S MOTIONS AND MOTION FOR RECUSAL PURSUANT TO RULE 455 A, B, B1 AS AMENDED

      Comes Now plaintiff David Louis Whitehead with his consolidated motion for reconsideration for leave to filed his motion for partial summary judgment, reconsideration for leave to file affidavit of David Louis Whitehead, and motion for reconsideration to file motion for leave to attach affidavit and film DVD's "The Passion of the Christ" in support of plaintiff's motion for Partial Summary Judgment...., pending the court's ruling on plaintiff's pleadings filed before February 5, 2008, and the court's ruling on the plaintiff's motions and motion for recusal pursuant to rule 455 a, b, b1 as amended as follows:

      The plaintiff wish to assert that the court and the clerk of the court office failed to file his pleadings prior to the court's rulings dated on or about February 5, 2008. There are several outstanding pleadings and letters and material pleadings related to the court review for recusal:

- Motion to Reopen and Application to proceed.
- Recusal
- And other related filings, including a letter from Rev. Billy Graham.

Noting that Plaintiff will file another motion for recusal.

Plaintiff assert that his pleadings on the court's obvious conflicts of interest were withheld from the record, allowing the court to deny motions and evidence/affidavits, supporting the plaintiff's case. (Plaintiff reserve the rights to attach pleadings filed with the court and clerk's office. Allegedly, court officials have those pleadings).

Plaintiff was not notified at all about the above captioned case due to the fact that his address listed him at  9  4th Street N.E. Apt. 1 on Capitol Hill in Washington, DC.

The court's original order dated on or about February 8 & 14, 2007, which denied the plaintiff the right to proceed, was never sent to the plaintiff. Plaintiff has recently changed his address, in which the court promptly changed.

As the plaintiff's letter to the Clerk's office states that plaintiff has the right to request the court to proceed for an application to have his day in court. The clerk's office has this related material, in which was never filed in this case. Instead, the clerk's office denied that they had the material, and recently admitted to having the material, which should be filed in this case. The plaintiff has been unduly prejudiced due to the obvious fraud and judicial conspiracy within the district court to prohibit plaintiff from having his day in court. One of the clerk employees stated that the plaintiff will not be compensated from the abuses of power and theft of his intellectual properties, and should not file anymore pleadings. This statement presents evidence of a conspiracy to bar the plaintiff from proceeding in court. Surely, the United States FBI will interview this employee.

Plaintiff request that the court rule on the motion to recuse himself before ruling on this consolidated motion for reconsideration.

In the alternative, this court should examine Judge Richard Roberts 2003 Financial Records, which states that he owned both Communication 3 and Comcast stocks. Judge Roberts is the same judge who ruled against the plaintiff holding Hollywood stocks in major civil cases <u>David Whitehead v. FEC, Judge Friedman, Walt Disney, et al., 02cv1630, and David Whitehead v. CBS/Viacom</u>, et al., 01cv1192.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID LOUIS WHITEHEAD,

    PLAINTIFF,

V.           CASE No. 07-MC-00063
             Judge Urbina

TWENIETH CENTURY FOX FILM, ET AL.,

    DEFENDANTS.

### AFFIDAVIT OF DAVID LOUIS WHITEHEAD

I David Louis Whitehead, declares under the laws of perjury that the following statements are true to the best of my abilities:

I am a person over the age of 18 years old.

I did not received the court order dated February 8 & 14, 2007, due to the fact, I had no knowledge that the court had ruled on the matter, dismissing the case without prejudice.

The court did not have my correct address. The court sent the dismissal orders to 9 4th St. N.E. Apt. 1 Washington, DC. However, I had moved.

Since that time, I filed several pleadings to reopen, recusal and application letter to proceed in court. I met with employees of the court on these filings. However, the court failed to record the filings, and ruled on my recent filed pleadings on or about February 2008. I reserve the rights to file these pleadings, once the matter is discussed with the Clerk's office.

*Exhibit A is a true copy of Judge Richard Roberts 2004 financial filing for the year 2003.*

*See attached affidavit of Judge Roberts 2004 Financials for 2003, filed as exhibit A.*

_[signature]_
David L. Whitehead
February 12, 2008

| AO-10. Rev. 1/2004 | **FINANCIAL DISCLOSURE REPORT** Calendar Year 2003 | Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111) |
|---|---|---|
| 1. Person Reporting (Last name, First name, Middle initial) Roberts, Richard W | 2. Court or Organization U.S. District Court, D.D.C | 3. Date of Report 8/12/2004 |
| 4. Title (Article III Judges indicate active or senior status; magistrate judges indicate full- or part-time) U.S. District Judge, Active | 5. ReportType (check appropriate type) ○ Nomination.  Date ○ Initial  ● Annual  ○ Final | 6. Reporting Period 1/1/2003 to 12/31/2003 |
| 7. Chambers or Office Address U.S District Court 333 Constitution Avenue, N.W Washington, D.C 20001 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.

## L POSITIONS. (Reporting individual only; see pp. 9-13 of filing instructions)
☐ **NONE** - (No reportable positions.)

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Member, Board of Trustees | Vassar College |
| 2. | Power of Attorney | ▮▮▮▮▮ (Deceased 12/14/03) |
| 3. | Power of Attorney | ▮▮▮▮▮ |

[EX A]

## I. AGREEMENTS. (Reporting individual only; see pp. 14-16 of filing instructions)
☑ **NONE** - (No reportable agreements.)

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |

RECEIVED AUG 16 11 20 AM '04 FINANCIAL DISCLOSURE OFFICE

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting<br>Roberts, Richard W | Date of Report<br>8/12/2004 |
|---|---|---|

### III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 17-24 of filing instructions)

**A. Filer's Non-Investment Income**

☑ **NONE** - (No reportable non-investment income.)

| DATE | SOURCE AND TYPE | GROSS INCOME<br>(yours, not spouse's) |
|---|---|---|
| 1 | | |

**B. Spouse's Non-Investment Income** - (If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

☐ **NONE** - (No reportable non-investment income.)

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2003 | ■■■■ |

### V. REIMBURSEMENTS -- transportation, lodging, food, entertainment.

(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)

☐ **NONE** - (No such reportable reimbursements.)

| | SOURCE | DESCRIPTION |
|---|---|---|
| 1. | Vassar College | Feb. 6-8, May 8-10, October 16-18: Poughkeepsie, N.Y Mtgs. of Bd. of Trustees. (Transportation. Meals & lodging provided.) |
| 2. | Harvard Law School | Sept. 8-12: Cambridge, MA. Guest faculty for workshop. (Transportation, some meals. Other meals & lodging provided.) |
| 3 | New York Intellectual Property Law Assn | Mar. 28-29: New York, NY. Annual dinner honoring Federal Judiciary. (Transportation Meals & lodging provided.) |
| 4. | Columbia Law School | April 12-13 New York, NY. Received distinguished alumnus award at the Annual Robeson Conference. (Transportation & lodging. Meal provided.) |
| 5 | American Bar Association | April 9-11: Houston, TX. Panelist at Litigation Section Annual Conference (Transportation. Lodging & meals provided.) Oct. 9-11: |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting<br>Roberts, Richard W | Date of Report<br>8/12/2004 |
|---|---|---|

### IV. REIMBURSEMENTS – transportation, lodging, food, entertainment

(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)

☐ NONE    - (No such reportable reimbursements.)

| | SOURCE | DESCRIPTION |
|---|---|---|
| 6. | | Cont. #5. Chicago, IL. Guest of Litigation Section Fall Leadership Mtg. (Transportation, lodging & some meals. Other meals provided.) |
| 7. | D.C. Bar | June 10. Washington, DC. CLE Course Lecturer. (Parking.) |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting<br>Roberts, Richard W | Date of Report<br>8/12/2004 |

**V. GIFTS.** (Includes those to spouse and dependent children  See pp 28-31 of instructions.)

☑ **NONE** - (No such reportable gifts.)

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1 | | |

**VI. LIABILITIES.** (Includes those of spouse and dependent children.  See pp. 32-34 of instructions.)

☑ **NONE** - (No reportable liabilities.)

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 1 of 2 | Name of Person Reporting<br>Roberts, Richard W | Date of Report<br>8/12/2004 |
|---|---|---|

### VII. INVESTMENTS and TRUSTS — income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B.<br>Income during reporting period | | C.<br>Gross value at end of reporting period | | D.<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount Code 1<br>(A-H) | (2)<br>Type (e.g. div, rent or int.) | (1)<br>Value Code 2<br>(J-P) | (2)<br>Value Method Code 3<br>(Q-W) | (1)<br>Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure | | | |
| | | | | | | (2) Date Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| ☐ NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1. Justice Federal Credit Union accounts | C | Interest | M | T | None | | | | |
| 2. Chase Manhattan Bank accounts | B | Interest | M | T | None | | | | |
| 3. Citibank accounts | B | Interest | M | T | None | | | | |
| 4. Chevy Chase Savings Bank preferred stock | A | Dividend | | | Sell | 10/31 | J | | |
| 5. Delhaze America common stock | A | Dividend | J | T | None | | | | |
| 6. Small claims judgment against John Bowen | | None | J | T | None | | | | |
| 7. SunTrust Bank (IRA)(2 CDs) | A | Interest | J | T | None | | | | |
| 8. Salomon Smith Barney (IRA) (Treasury coupon bond) | | None | K | T | None | | | | |
| 9. CIGNA R&I Svcs. Keogh: Temp. Foreign Fnd. Formerly Janus WW | C | Interest | K | T | None | | | | |
| 10. CIGNA R&I Svcs. Keogh: Amer. Century (formerly AIM Cons.) | B | Interest | K | T | None | | | | |
| 11. CIGNA R&I Svcs. Keogh: Fidelity Contrafund | D | Interest | L | T | None | | | | |
| 12. CIGNA R&I Svcs. Keogh: Cigna Guar Income Fund | A | Interest | K | T | None | | | | |
| 13. CIGNA R&I Svces. Keogh: Fidelity Growth & Income | D | Interest | L | T | None | | | | |
| 14. CIGNA R&I Svcs. Inv. Sm Cap. formerly Growth & Inv Sm. Cap | A | Interest | K | T | None | | | | |
| 15. CIGNA R&I Svcs. 401(K)(IRA) Fidelity Growth & Income | A | Interest | K | T | None | | | | |
| 16. CIGNA R&I Svcs. 401(K) (IRA). Fidelity Contrafund | C | Interest | K | T | None | | | | |
| 17. CIGNA R&I Svcs 401(K) (IRA). Growth Inv Sm Comp (fmr PBHG) | A | Interest | K | T | None | | | | |
| 18. CIGNA R&I 401(K) (IRA) PIMCO (formerly High Yield Bond) | B | None | K | T | None | | | | |

1 Income/Gain Codes    A = $1,000 or less    B = $1,001-$2,500    C = $2,501-$5,000    D = $5,001-$15,000    E = $15,001-$50,000
  (See Columns B1 and D4)    F = $50,001-$100,000    G = $100,001-$1,000,000    H1 = $1,000,001-$5,000,000    H2 = More than $5,000,000
2 Value Codes    J = $15,000 or less    K = $15,001-$50,000    L = $50,001-$100,000    M = $100,001-$250,000
  (See Columns C1 and D3)    N = $250,000-$500,000    O = $500,001-$1,000,000    P1 = $1,000,001-$5,000,000    P2 = $5,000,001-$25,000,000
        P3 = $25,000,001-$50,000,000    P4 = $More than $50,000,000
        T = Cash/Market

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 2 | Roberts, Richard W | 8/12/2004 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period (If not exempt from disclosure) | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 19 | Level 3 Communications Inc. Bond | A | Interest | J | T | None | | | | |
| 20 | AT&T Corp common stock | A | Dividend | J | T | | | | | |
| 21 | Charles Schwab ▮▮▮ employee stock purchase plan) | A | Dividend | J | T | Acct. Trans | 7/7 | J | | |
| 22. | ▮▮▮ 401(K) | A | Dividend | L | T | | | | | |
| 23. | Comcast Corp. | | None | J | T | | | | | |
| 24. | Alliance Bernstein Capital Reserves (formerly Alliance) | A | Dividend | J | T | | | | | |
| 25. | JP Morgan Chase common stock | A | Dividend | | | Sold | 6/15 | J | B | |
| 26. | Wachovia accounts (formerly First Union) | A | Interest | K | T | | | | | |
| 27. | CIGNA R&I Svcs. 401(K)(IRA) Templeton For. (Frmly Janus WW) | A | Interest | J | T | | | | | |
| 28. | Fidelity Investments ▮▮▮ Emp. Stock purchase plan) | A | Dividend | J | T | | | | | |
| 29. | ▮▮▮▮▮▮▮▮▮▮▮ | B | Dividend | L | T | Grant | 3/27 | L | | |

1 Income/Gain Codes    A = $1,000 or less    B = $1,001-$2,500    C = $2,501-$5,000    D = $5,001-$15,000    E = $15,001-$50,000
(See Columns B1 and D4)    F = $50,001-$100,000    G = $100,001-$1,000,000    H1 = $1,000,001-$5,000,000    H2 = More than $5,000,000
2 Value Codes    J = $15,000 or less    K = $15,001-$50,000    L = $50,001-$100,000    M = $100,001-$250,000
(See Columns C1 and D3)    N = $250,000-$500,000    O = $500,001-$1,000,000    P1 = $1,000,001-$5,000,000    P2 = $5,000,001-$25,000,000
    P3 = $25,000,001-$50,000,000    P4 = More than $50,000,000
    S = Assessment    T = Cash/Market

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | Roberts, Richard W | 8/12/2004 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS     (Indicate part of Report.)

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting<br>Roberts, Richard W | Date of Report<br>8/12/2004 |
|---|---|---|

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.



Signature_____    Date  8/12/04

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

## Certificate of Service

I certify under the laws of perjury that I served a copy of the pleading on the defendants on the 12th day of February 2008.

David L. Whitehead