

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID LOUIS WHITEHEAD,

        PLAINTIFF,

V.                            CASE No. 07MC0063

                              J. URBINA

TWENTIETH CENTURY FOX FILM, ET AL,

        DEFENDANTS.

CONSOLIDATED MOTION TO VACATE RULINGS OF THE COURT IN THE ABOVE CAPTIONED CASE AND MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. 455 A, B, B1, B2.

      Comes Now plaintiff David Louis Whitehead with his consolidated motion to vacate the rulings of the court and motion for recusal pursuant to 28 U.S.C. 455 A, B, B1, B2, in the above captioned case based on the following discussion below:

      Opposing Counsel does not consent. Opposing parties have not been served the complaint.

### *Reasons to Vacate the Court's order and Recusal pursuant to 28 U.S.C. 455 a, b, b1, b2*

      Plaintiff has filed a motion for recusal. The court is affiliated with Georgetown University, which has interest in the case. See Liljeberg v. Health Services Acquisition Corp, et al., "the trial judge was a member of the board of trustees of the University that had a financial interest in the litigation..." 486 U. S. 847, 860 1988; also see id at 864 on rule 60 b 6.

      Moreover, the party of interest Delegate Eleanor Holmes Norton supported Judge Ricardo Urbina's federal appointment to the bench during the nomination process. Delegate Norton interviewed Judge Urbina to be appointed by President Bill Clinton for his federal appointment. See US v. Tucker, 78 F.3d 1313 (8th Cir. 1996).

Plaintiff sued Delegate Norton in <u>Whitehead v. Robert M. Gates</u>, 92cv917. Judge Norma Holloway Johnson, a member of the Norton/Clinton District of Columbia Federal Nomination Committee, with Attorney Paul L. Friedman (Judge Friedman) dismissed the case after her appointment to the Nomination Committee.

Judge Johnson was also involved with Judge Urbina's appointed to the federal bench, as a member of the Nomination Committee. Therefore, Judge Urbina had prior knowledge of the plaintiff; and Judge Urbina illegally and improperly ruled on <u>Whitehead v. Paramount Pictures</u>, et al, 96cv2436, relating to Judge Friedman and plaintiff. See <u>U.S. v. Grinnell Corp</u>, 384 U.S. 563 (1966) at id. 583 "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source....Also see <u>Liteky v. US</u>, 510 U.S. 540 (1994).

Moreover, case <u>Whitehead v. Paramount Pictures</u>, et al., No. 96cv2436, according to the opinion of Judge Friedman, is related to the case <u>Whitehead v. Deutch</u>, 96cv420, in which both Judge Friedman and Delegate Norton are material witnesses, stemming from <u>Whitehead v. Gates, Norton</u>, 92cv917, before Judge Johnson, a member of the Nomination Committee.

Moreover, this case 96cv420, <u>Whitehead v. Deutch</u>, according to the opinion of Judge Friedman, is related to <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436. In short, these relations and connections points to Judge Urbina as a material witness.

The above alleged facts support arguments and/or assertions that Judge Urbina has violated the rule of ethics and conflict of interest laws. See The Principles of Section 28 U.S.C. 455 a.

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned. <u>Brokaw v Mercer County</u>, 234 F. 3d 1000, 1025 (7th Cir. 2000) ( citing <u>Hook v. McDade</u>, 89 F.3d 350, 355 (7th Cir. 1996); also see <u>US v. Microsoft Corp</u>, 56 F.3e 1448 (D.C. Cir. 1995). Also see <u>US v. Microsoft</u> 253, F.3d 34, 113 (D.C. 1995);

The Court attended Georgetown University and Georgetown University Law Center. The above named captioned defendants are represented by Georgetown University Law professor Levine. Moreover, the assignment of the case no. 07-mc-**63** is mysterious, requiring an investigation. For instance, Georgetown University's President Father Leo O'Donovan settled two civil suits with the plaintiff in the Superior Court, paying him $3,000 to stay off Georgetown University's campuses, relating to the **1963** assassination of President John F. Kennedy.

2

The case was dismissed by Georgetown University graduate and law graduate Judge Urbina. The assignment of the above captioned case to Judge Urbina compares with Congressman Howard Coble's request the district court's violation of the case assignment system, involving Judge Johnson and others. Noting that Judge Johnson was involved with the nomination process involving Judge Urbina to the federal bench. The case No. 07mc**63** is compared to the subject matter of the **63 Kennedy Assassination**, plaintiff, and Georgetown University's settlement with the plaintiff relating to the Kennedy Assassination, which should prompt an investigation by the Congress.

Allegedly, Father O'Donovan has been indicted, and Judge Urbina was recently arrested by the FBI in federal court. Therefore, in short, the court cannot possibly further participate in the above captioned case and/or the related case Whitehead v. Paramount Pictures Corp, 96cv2436. Judge Urbina has a conflict of interest and bias in these related matters. 28 U.S.C 455 a, b, b1, b2. US v. Grinnell Corp, 384 U.S. 563 (1966) "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial sources. Also see US v. Tucker, 78 F.3d 1313 (8th Cir. 1996); See US v. Cerceda 172 F.3d 806 (11th Cir. 1999) "en banc court affirmed by operation of the law the district court's holding that a judge who was the subject of a federal grand jury investigation had violated section 455a by failing to recuse himself from presiding ... (three factor test in Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847 (1988).

Judge Urbina improperly ruled on the above captioned case without examining pleadings filed by the plaintiff in 2007. Plaintiff filed several pleadings after the court dismissed the case without prejudice on or about February 8, 14, 2007 as follows:

- Affidavit on recusal. See true copy of attached affidavit dated December 4, 2007, filed with the letter to the clerk and the court.
- Motion to reopen and transfer.
- Motion for reconsideration. Noting that the court failed to mail a copy of the court's dismissal order due to the plaintiff's change of address.
- Other filed pleadings.

Instead, the court ruled on pleadings filed in February 2008.

Allegedly the court has been arrested by the federal authorities, which makes him disqualified from this case and the related case 96cv2436 *Whitehead v. Paramount Pictures*, et al., 96cv2436.

3

In short, the court should recuse himself from the case and vacate his rulings due to judicial bias and relationship with Georgetown University and others. 28 U.S.C. 455 A...

Again, Professor Levine currently teaches at Georgetown University Law Center, along with Delegate Norton. Surely, Georgetown University profited from the theft of plaintiff intellectual properties.

In conclusion, plaintiff prays that the court will grant his consolidated motion.

David Whitehead
P.O Box 222 Bryans Rd.
Maryland 20616

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. WHITEHEAD,

PLAINTIFF,

V.                                              CASE No. 07MC00063 (Judge Urbina)

20th CENTURY FOX FILMS CORP,

DEFENDANTS.

### *AFFIDAVIT OF DAVID LOUIS WHITEHEAD*

I David Louis Whitehead testify under the laws of perjury that the following statements are true to the best of my abilities:

I am a person over the age of 18 years old.

On or about 2006-2007, I filed a civil suit in Eastern District of Virgina. My complaint listed my 9 4th St. N.E Apt 1 address.

The Eastern District Court transferred the case to this court.

Judge Ricardo Urbina dismissed the case without prejudice. I never received the court's dismissal order dated on or about Feb. 2007.

Once I learned about the order through the court's computer system, I filed the following motions:

- Motion for reconsideration to due the fact that I never received the order, and request transfer the case back to the Eastern District of Virginia.

- Motion for recusal of Judge Urbina due to the fact that a Georgetown University law professor Lee Levine represents the defendants, and Judge Urbina is a graduate of Georgetown University undergraduate and Law schools. *28 U.S.C. 455a, b-b1*.

- In short, Judge Urbina has a conflict of interest in the above captioned case, and must recuse himself.

- Pursuant to the court order of Judge Richard Roberts in <u>Whitehead v. FEC, Judge Friedman, Walt Disney,</u> et al., 02cv1630, I should be allowed to file a motion for an application to proceed in this case. Noting that Judge Roberts also has a conflict of interest, holding Comcast and Communication III stocks, dismissing my cases against the Hollywood studios, in <u>Whitehead v. CBS/Viacom</u> et al., 01cv1192, and <u>Whitehead v. FEC, Judge Friedman and Walt Disney</u>, et al., 02cv1630.

In the interest of justice, I should be allowed to file an application to proceed in this case; and Judge Urbina should recuse himself in this action as well as <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436. See a true copy of EX 10, Rev Hamilton. *DW*

Respectfully,

David L. Whitehead
P.O. Box 222 Bryans Rd Maryland 20616

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID LOUIS WHITEHEAD,

      PLAINTIFF,

V.                      CASE No. 07MC0063

                         J. URBINA

TWENTIETH CENTURY FOX FILM, ET AL,

      DEFENDANTS.

### *AFFIDAVIT OF DAVID LOUIS WHITEHEAD*

I CERTIFY UNDER THE LAWS OF PERJURY THAT THE FOLLOWING STATEMENTS ARE TRUE TO THE BEST OF MY ABILITIES:

I AM OVER THE AGE OF 18 YEARS OLD

    The court is affiliated with Georgetown University, which has interest in the case. See Liljeberg v. Health Services Acquisition Corp, et al., "the trial judge was a member of the board of trustees of the University that had a financial interest in the litigation..." 486 U. S. 847, 860 1988; also see id at 864 on rule 60 b 6.

    Moreover, the party of interest Delegate Eleanor Holmes Norton supported Judge Ricardo Urbina's federal appointment to the bench during the nomination process. Delegate Norton interviewed Judge Urbina to be appointed by President Bill Clinton for his federal appointment. See US v. Tucker, 78 F.3d 1313 (8th Cir. 1996).

    Plaintiff sued Delegate Norton in Whitehead v. Robert M. Gates, 92cv917. Judge Norma Holloway Johnson, a member of the Norton/Clinton District of Columbia Federal Nomination Committee, with Attorney Paul L. Friedman (Judge Friedman) dismissed the case after her appointment to the Nomination Committee.

    Judge Johnson was also involved with Judge Urbina's appointed to the federal bench, as a member of the Nomination Committee. Therefore, Judge Urbina had prior knowledge of the

plaintiff; and Judge Urbina illegally and improperly ruled on Whitehead v. Paramount Pictures, et al, 96cv2436, relating to Judge Friedman and plaintiff. See U.S. v. Grinnell Corp, 384 U.S. 563 (1966) at id. 583 "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source....Also see Liteky v. US, 510 U.S. 540 (1994).

Moreover, case Whitehead v. Paramount Pictures, et al., No. 96cv2436, according to the opinion of Judge Friedman, is related to the case Whitehead v. Deutch, 96cv420, in which both Judge Friedman and Delegate Norton are material witnesses, stemming from Whitehead v. Gates, Norton, 92cv917, before Judge Johnson, a member of the Nomination Committee.

Moreover, this case 96cv420, Whitehead v. Deutch, according to the opinion of Judge Friedman, is related to Whitehead v. Paramount Pictures, et al., 96cv2436. In short, these relations and connections points to Judge Urbina as a material witness.

The above alleged facts support arguments and/or assertions that Judge Urbina has violated the rule of ethics and conflict of interest laws. See The Principles of Section 28 U.S.C. 455 a.

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned. Brokaw v Mercer County, 234 F. 3d 1000, 1025 (7th Cir. 2000) ( citing Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996); also see US v. Microsoft Corp, 56 F.3e 1448 (D.C. Cir. 1995). Also see US v. Microsoft 253, F.3d 34, 113 (D.C. 1995);

The Court attended Georgetown University and Georgetown University Law Center. The above named captioned defendants are represented by Georgetown University Law professor Levine. Moreover, the assignment of the case no. 07-mc-**63** is mysterious, requiring an investigation. For instance, Georgetown University's President Father Leo O'Donovan settled two civil suits with the plaintiff in the Superior Court, paying him $3,000 to stay off Georgetown University's campuses, relating to the **1963** assassination of President John F. Kennedy.
The case was dismissed by Georgetown University graduate and law graduate Judge Urbina. The assignment of the above captioned case to Judge Urbina compares with Congressman Howard Coble's request the district court's violation of the case assignment system, involving Judge Johnson and others. Noting that Judge Johnson was involved with the nomination process involving Judge Urbina to the federal bench. The case No. 07mc**63** is compared to the subject matter of the **63 Kennedy Assassination**, plaintiff, and Georgetown University's settlement with the plaintiff relating to the Kennedy Assassination, which should prompt an investigation by the Congress.

Allegedly, Father O'Donovan has been indicted, and Judge Urbina was recently arrested by the FBI in federal court. Therefore, in short, the court cannot possibly further participate in the above captioned case and/or the related case <u>Whitehead v. Paramount Pictures Corp</u>, 96cv2436. Judge Urbina has a conflict of interest and bias in these related matters. 28 U.S.C 455 a, b, b1, b2. <u>US v. Grinnell Corp</u>, 384 U.S. 563 (1966) "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial sources. Also see <u>US v. Tucker</u>, 78 F.3d 1313 (8th Cir. 1996); See US v. Cerceda 172 F.3d 806 (11th Cir. 1999) "en banc court affirmed by operation of the law the district court's holding that a judge who was the subject of a federal grand jury investigation had violated section 455a by failing to recuse himself from presiding ... (three factor test in <u>Liljeberg v. Health Services Acquisition Corp</u>, 486 U.S. 847 (1988).

Judge Urbina improperly ruled on the above captioned case without examining pleadings filed by the plaintiff in 2007. Plaintiff filed several pleadings after the court dismissed the case without prejudice on or about February 8, 14, 2007 as follows:

- Affidavit on recusal.
- Motion to reopen and transfer.
- Motion for reconsideration. Noting that the court failed to mail a copy of the court's dismissal order due to the plaintiff's change of address.
- Other filed pleadings.

Instead, the court ruled on pleadings filed in February 2008.

Allegedly the court has been arrested by the federal authorities, which makes him disqualified from this case and the related case 96cv2436 *Whitehead v. Paramount Pictures*, et al., 96cv2436.

In short, the court should recuse himself from the case and vacate his rulings due to judicial bias and relationship with Georgetown University and others. 28 U.S.C. 455 A...

Again, Professor Levine currently teaches at Georgetown University Law Center, along with Delegate Norton.

David Whitehead

Date: 2/13/08

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID LOUIS WHITEHEAD,

    PLAINTIFF,

V.                      CASE No. 07MC0063

                        J. URBINA

TWENTIETH CENTURY FOX FILM, ET AL,

    DEFENDANTS.

### *ORDER*

UPON CONSIDERATION of plaintiff David Louis Whitehead's consolidated motion to vacate and recusal of the court, it is hereby ordered that the motion is _____ on the \_\_\_\_ day of 2008.

Further, order that the case to be reassigned by the Calendar Committee to a non Clinton appointee.

SO ORDERED.

                                             *US District Court Judge Urbina*

*Copies to:*
*David Whitehead*
*Elizabeth Koch*

## Certificate of service

I certify under the laws of perjury that I served copies of the pleading to the defendant on the 13th day of February 2008.

_____
David L. Whitehead


cc  Elizabeth Koch, Esq.